<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL FOOD & FRUIT GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL FRESH FOOD MARKET, LLC d/b/a GLOBAL SUPERMARKET, *et al.*, <br><br> Defendants. | Case No. 23cv3844 (EP) (JBC) <br><br> OPINION |

**PADIN, District Judge.**

This matter comes before the Court upon Plaintiff Global Food & Fruit Group, LLC's ("Global Food") Motion for Temporary Restraining Order or Preliminary Injunction. D.E. 4. The Court has reviewed Global Food's submissions. *See* D.E. 1; D.E. 4. The Court heard oral argument on August 24, 2023. Only counsel for Global Food appeared at oral argument. For the reasons set forth below, Global Food's Motion for Preliminary Injunction will be **GRANTED** as to Defendant Global Fresh Food Market, LLC d/b/a Global Supermarket ("Global Supermarket").

**I.      BACKGROUND**

Global Food brings suit against Defendants Global Supermarket, Randeep Kaur ("Kaur"), Sehraj S. Randhawa ("Randhawa"), and Narinder Singh ("Singh") pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et al.* Global Food is a New York corporation "in the business of selling wholesale quantities of perishable agricultural commodities [("Produce")] in interstate commerce," and "is a produce dealer subject to and licensed dealer under PACA[,]" by the United States Department of Agriculture. D.E. 1 ("Compl.") ¶ 1; D.E. 1-

2, Ex. A ("License").  Global Supermarket is a New Jersey limited liability company "engaged in the business of, among other things, buying wholesale produce and selling such produce in retail commerce, and was, at all relevant times, subject [to] the provisions of PACA as both a retailer and a dealer [as defined under] PACA."  Compl. ¶ 2.  At all relevant times, Kaur, Randhawa, and Singh (collectively, "Individuals Defendants") are and were "officer[s], director[s] and/or equity holder[s] of Global Supermarket," "controlled the operations of [] Global Supermarket[,]" and are and were in positions of control over the PACA trust assets.  *Id.* ¶¶ 3-5.

Global Food alleges that it sold and delivered Produce to Global Supermarket, in February 2022.  Compl. ¶ 10; D.E. 1-2, Ex. B.  Global Supermarket then accepted, but failed to pay Global Food for, the Produce.  Compl. ¶¶ 11, 14; D.E. 1-2, Ex. B.  That Produce was purportedly worth $7,643.00.  Compl. ¶10.  Global Food provided Global Supermarket with invoices for the Produce, which set forth the amount owed, as well as the statutory written notice required under 7 U.S.C. § 499e(c)(4).  Compl. ¶ 13; D.E. 1-2, Ex. B.  Global Supermarket transmitted checks to Global Food, in February and June 2022, however, two of the checks were returned due to insufficient funds, while another check was returned due to an irregular signature.  D.E. 1-2, Ex. B.  To date, Global Food remains unpaid.

Global Food now seeks a preliminary injunction to enjoin Defendants from dissipating assets in the PACA Trust meant to hold any interest stemming from the Produce Global Supermarket received from Global Food.  The Court entertains only whether a preliminary injunction should be granted as to Global Supermarket.[1]

---

[1] The Individual Defendants were not served.

II.     **LEGAL STANDARDS**

PACA provides that perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities be held in a non-segregated floating trust for the benefit of unpaid sellers ("PACA Trust"). *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 136 (3d Cir. 2000); *Circus Fruits Wholesale Corp. v. Farmer Joen Produce Corp.*, 2017 U.S. Dist. LEXIS 59173, at *3 (D.N.J. Apr. 18, 2017). A PACA Trust is "created by operation of law upon purchase of such goods, and the produce buyer is the statutory trustee." *Tanimura & Antle, Inc.*, 222 F.3d at 136 (citing 7 U.S.C. § 499e(c)(3)). To protect the assets of a PACA Trust, "an unpaid supplier or seller must give written notice to the buyer of the benefits of the [PACA T]rust." *Circus Fruits Wholesale Corp.*, 2017 U.S. Dist. LEXIS 59173, at *3. Notice may be given through ordinary and usual billing or invoice statements, so long as the following statutory language is included:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4). Finally, PACA provides a private right of action for unpaid licensees to enforce their rights under the statute. 7 U.S.C. § 499e(c)(5).

A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).

III.     ANALYSIS

Global Food satisfies the four elements required for the issuance of a preliminary injunction as to Global Supermarket.

First, Global Food is likely to succeed on the merits. Global Supermarket, subject to the provisions of PACA: accepted Produce from Global Food, a holder of a license under PACA; was required to hold any interest stemming from that Produce in a PACA Trust; received invoices from Global Supermarket containing notice of its duty to protect the PACA Trust's assets; and continues to owe Global Supermarket at least $7,643.00. Compl. ¶¶ 10-14; D.E. 1-2, Ex. A; D.E. 1-2, Ex. B; D.E. 4-4 ¶¶ 5-13. Accordingly, the first element is satisfied.

Second, Global Food will be irreparably harmed if a preliminary injunction is denied. Specifically, there is a likelihood that the assets in the PACA Trust meant to hold the interest stemming from the Produce Global Supermarket received from Global Food will be dissipated if relief is denied. At least two checks Global Supermarket transmitted to Global Food were returned due to insufficient funds. D.E. 1-2, Ex. B; *see also Tanimura & Antle, Inc.*, 222 F.3d at 140-41 (finding dissipation of assets in PACA Trust constitutes irreparable harm); *Circus Fruits Wholesale Corp.*, 2017 U.S. Dist. LEXIS 59172, at *6 (same). Accordingly, the second element is satisfied.

Third, granting preliminary relief will not result in greater harm to Global Supermarket. Pursuant to PACA, Global Supermarket has a duty to hold any interest stemming from the Produce it received from Global Food in a PACA Trust and has no right to use the assets in that PACA Trust for any purpose other than to pay Global Food. *Circus Fruits Wholesale Corp.*, 2017 U.S. Dist. LEXIS 59172, at *6. As previously noted, Global Supermarket has not paid Global Food for the Produce it received. Accordingly, the third element is satisfied.

Fourth, the "issuance of a preliminary injunction here is in the public interest, as the statutory purpose [of PACA] explicitly encapsulates this." *Tanimura & Antle, Inc.*, 222 F.3d at 140 (citing 7 U.S.C. § 499e(c)(1)).  Accordingly, the fourth element is satisfied.

Accordingly, the Court will issue a preliminary injunction against Global Supermarket.

## IV.    CONCLUSION

The Court is satisfied that the issuance of a preliminary injunction is proper under Fed. R. Civ. P. 65; therefore, Global Food's Motion for Preliminary Injunction will be **GRANTED**.  A preliminary injunction will be entered, enjoining Global Supermarket, its customers, agents, officers, subsidiaries, assigns, and banking institutions from alienating, dissipating, paying over or signing any assets of Global Supermarket, its subsidiaries or related companies up to $7,643.00, except for payment to Global Food in the amount of $7,643.00.  An appropriate Order accompanies this Opinion.

Dated: August 24, 2023

_____
Evelyn Padin, U.S.D.J.